# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| MELISSA HARRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | Division No.: _____ |
| ALLIED PROPERTY & CASUALTY ) | |
| INSURANCE COMPANY ) | |
| ) | |
| <u>PLEASE SERVE:</u> ) | |
| Chlora Lindley-Myers ) | |
| Missouri Director of Insurance ) | |
| 301 W. High Street, Room 530 ) | |
| Jefferson City, Missouri 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION

## GENERAL ALLEGATIONS

COMES NOW Plaintiff, Melissa Harris, and for her causes of action against Defendant Allied Property & Casualty Insurance Company:

1. Melissa Harris is a resident of Grain Valley, Jackson County, Missouri.

2. Defendant Allied Property & Casualty Insurance Company is an Iowa insurance company in good standing to do and doing business in Missouri including Jackson County, Missouri, and may be served with process by serving Chlora Lindley-Myers, Missouri Director of Insurance, 301 W. High Street, Room 530, Jefferson City, Missouri 65101.

3. Jurisdiction is proper pursuant to §506.500 Missouri Revised Statutes.

4. Plaintiff's claims and causes of action are based on breach of contract and Plaintiff is not alleging a tort against Defendant.

Exhibit 1

5. Defendant is a foreign corporation and, therefore, not a resident of this state.

6. Venue is proper pursuant to Mo. Rev. Stat. §508.010(4) since Defendant is not a resident of the state of Missouri.

## COUNT I

### UNDERINSURED MOTORIST CLAIM AGAINST ALLIED PROPERTY & CASUALTY INSURANCE COMPANY

7. Melissa Harris incorporates paragraphs numbered one (1) through seven (7) of the general allegations as if fully set forth herein.

8. On September 5, 2015, Melissa Harris was involved in an automobile collision with a vehicle operated by Tyler Garland on Metcalf Avenue in Overland Park, Kansas.

9. On September 5, 2015, Metcalf Avenue was a public street in Overland Park, Kansas.

10. As the driver of a motor vehicle on a Kansas public street, Tyler Garland had a duty to exercise ordinary care in the operation of his vehicle with regard to all other motorists.

11. The automobile collision of September 5, 2015 was caused by the negligence of Tyler Garland.

12. Tyler Garland was negligent in:

   a. failing to keep a careful lookout;

   b. driving at an excessive speed;

   c. following too closely;

   d. colliding with the rear of Plaintiff's automobile;

2

e. failing to stop, swerve, slacken speed and/or sound a warning once he knew, or by using the highest degree of care should have known, that there was a reasonable likelihood of a collision.

13. On September 5, 2015, Melissa Harris was an insured under an automobile insurance policy with Defendant Allied Property & Casualty Insurance Company that had been purchased and the premium demanded by Defendant Allied Property & Casualty Insurance Company for the Missouri automobile policy of insurance, policy number PPCM0021308391-5 had been paid and such policy was in full force and effect.

14. Included within the Allied Property & Casualty Insurance Company automobile insurance policy was an underinsured motorist portion of the policy for which a separate portion of premium demanded by Defendant Allied Property & Casualty Insurance Company was paid.

15. The underinsured motorist portion of the Allied Property & Casualty Insurance Company automobile insurance policy provided underinsured benefits in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) per person and THREE HUNDRED THOUSAND DOLLARS ($300,000.00) per occurrence.

16. The Allied Property & Casualty Insurance Company automobile insurance policy was in full force and effect on September 5, 2015.

17. As a result of the September 5, 2015, automobile collision, Plaintiff Melissa Harris sustained serious, permanent and progressive physical bodily injuries to her head, neck and back.

18. As a result of the September 5, 2015, automobile collision, Plaintiff Melissa Harris has incurred reasonable and necessary medical expenses.

19. As a result of the September 5, 2015, automobile collision, Plaintiff Melissa Harris will in the future incur, reasonable and necessary medical expenses.

20. As a result of the September 5, 2015, automobile collision, Plaintiff Melissa Harris has endured pain, suffering, mental anguish and loss of enjoyment of life.

21. As a result of the September 5, 2015, automobile collision, Plaintiff Melissa Harris has will experience future pain, suffering, mental anguish and loss of enjoyment of life.

22. As a result of the September 5, 2015, automobile collision, Plaintiff Melissa Harris has endured lost income, loss of earning capacity and/or duties under duress.

23. As a result of the September 5, 2015, automobile collision, Plaintiff Melissa Harris has will experience future lost income, loss of earning capacity and/or duties under duress.

24. Tyler Garland was insured at the time of the September 5, 2015 automobile collision in the amount of $25,000.00.

25. The injuries and damages sustained by Melissa Harris as a result of the September 5, 2015 automobile collision exceed $25,000.00.

26. On September 5, 2015 Tyler Garland was the operator of an underinsured motor vehicle as defined by Missouri law and the Allied Property & Casualty Insurance Company policy covering Melissa Harris.

27. Melissa Harris's injuries and damages exceed Tyler Garland's liability insurance coverage.

28. Melissa Harris has complied with all policy requirements and conditions precedent to Allied Property & Casualty Insurance Company's obligation to pay under the underinsured motorist coverage.

WHEREFORE Plaintiff, Melissa Harris, prays this court for judgment on Count I against Defendant Allied Property & Casualty Insurance Company for damages in excess of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00), her court costs incurred herein and for such other and further relief as is just, proper and equitable.

## COUNT II

### VEXATIOUS REFUSAL TO PAY AGAINST ALLIED PROPERTY & CASUALTY INSURANCE COMPANY

29. Melissa Harris incorporates paragraphs numbered one (1) through seven (7) of the general allegations and paragraphs eight (8) through twenty-nine (29) of Count I as if fully set forth herein.

30. Prior to filing this action, Melissa Harris demanded payment of the underinsured motorist benefits under policy number PPCM0021308391-5.

31. Defendant Allied Property & Casualty Insurance Company has failed and refused to satisfy the claim made under the above-referenced policy, and that Defendant Allied Property & Casualty Insurance Company has refused to pay the loss of Plaintiff Melissa Harris without reasonable cause and excuse and that, pursuant to the terms of Mo. Rev. Stat. §375.420, Plaintiff is entitled to additional damages equal to 20% of the first ONE THOUSAND FIVE HUNDRED and NO/100 DOLLARS ($1,500.00) of her loss, 10% of the amount of his loss in excess of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00), and reasonable attorney's fees.

WHEREFORE, Plaintiff Melissa Harris prays this Court for judgment on Count II against Defendant Allied Property & Casualty Insurance Company for fair and reasonable additional damages in the amount of 20% of the first ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00) and 10% of the amount of her loss in excess of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00), reasonable attorneys' fees, her court costs incurred herein, and for such other and further relief as the Court deems just, proper and equitable.

Respectfully submitted,

WOODS LAW KC, LLC

By: /s/ Aaron N. Woods
    Aaron N. Woods    MO #36832
    WOODS LAW KC, LLC
    3500 NE Ralph Powell Road, Suite A
    Lee's Summit, Missouri 64064
    816-398-7877
    Fax: 816-398-7867
    aaron@woodslawkc.com

ATTORNEY FOR PLAINTIFF

6

Case 4:20-cv-00871-DGK   Document 1-2   Filed 10/29/20   Page 6 of 6